## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

**GLENN MONTGOMERY,**

    **Plaintiff,**

**CASE NO.:**

v.

**VISION LANDSCAPE SERVICES OF FLORIDA, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GLENN MONTGOMERY, by and through undersigned counsel, brings this action against Defendant, VISION LANDSCAPE SERVICES OF FLORIDA, INC., and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of $30,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 621 et seq., and unpaid wages under Florida common law.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Lee County, Florida.

## PARTIES

4. Plaintiff is a resident of Collier County, Florida.

5. Defendant operates a landscaping company in Bonita Springs, in Lee County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADEA.

10. At all times material hereto, Defendant employed twenty (20) or more employees. Thus, Defendant is an "employer" within the meaning of the ADEA.

## FACTS

11. Plaintiff began working for Defendant on May 10, 2020, as a Sales and Estates Manager, and he worked in this capacity until August 26, 2021.

12. Plaintiff is fifty two years of age.

13. Defendant's comptroller repeatedly made discriminatory comments about Plaintiff's age and called him "old man."

14. In or around December 2020, Plaintiff complained about the disparate treatment that he received based on his age.

15. Plaintiff continued to complain to Defendant about the disparate treatment he experienced throughout the course of his employment.

16. Defendant took no remedial action to ensure the discrimination ended.

17. Instead, Defendant's comptroller continued to make discriminatory comments about Plaintiff's age.

18. On or about August 26, 2021, Defendant terminated Plaintiff's employment.

19. Defendant also terminated their only other fifty year old employee and replaced him and Defendant with individuals in their twenties.

20. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff a wage, plus commissions.

21. Defendant failed to pay Plaintiff all wages owed to Plaintiff, including commissions.

22. Plaintiff's unpaid wages and commissions constitute "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

## COUNT I – ADEA VIOLATION

23. Plaintiff realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint, as though fully set forth herein.

24. As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

25. Plaintiff was subjected to disparate treatment based on his age.

26. Defendant's actions were willful and done with malice.

27. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

- a) A jury trial on all issues so triable;
- b) That process issue and that this Court take jurisdiction over the case;
- c) An injunction restraining continued violation of the ADEA;
- d) Compensation for lost wages, benefits, and other remuneration;
- e) Reinstatement of Plaintiff to a position comparable to his prior position with back pay plus interest, or in the alternative, front pay;
- f) Liquidated damages in an amount equal to Plaintiff's total damages;
- g) Prejudgment interest on all monetary recovery obtained.
- h) All costs and attorney's fees incurred in prosecuting these claims; and
- i) For such further relief as this Court deems just and equitable.

## **COUNT II – ADEA RETALIATION**

28. Plaintiff realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint, as though fully set forth herein.

29. As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

30. Plaintiff engaged in protected activity under the ADEA by complaining about the discrimination he experienced.

31. Defendant retaliated against Plaintiff for engaging in protected activity under the ADEA by terminating his employment.

32. Defendant's actions were willful and done with malice.

33. In terminating his employment, Defendant took material adverse action against Plaintiff.

34. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) An injunction restraining continued violation of the ADEA;

    d) Compensation for lost wages, benefits, and other remuneration;

    e) Reinstatement of Plaintiff to a position comparable to his prior position with back pay, or in the alternative, front pay;

    f) Liquidated damages in an amount equal to Plaintiff's total damages;

    g) Prejudgment interest on all monetary recovery obtained.

    h) All costs and attorney's fees incurred in prosecuting these claims; and

    i) For such further relief as this Court deems just and equitable.

## COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW

35. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

36. During the statutory period, Plaintiff worked for Defendant, and Defendant agreed to pay Plaintiff for Plaintiff's services.

37. Defendant failed to pay Plaintiff all "wages" owed to Plaintiff, including Plaintiff's commissions.

38. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue, and that this Court take jurisdiction over the case;

    c) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

e) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 14th day of April, 2022.

Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**